**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ELLEN F. HURLEY**
Marion County Public Defender

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GREGORY ALLEN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1303-CR-221 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven Eichholtz, Judge
Cause No. 49G20-1202-FA-11548

**September 19, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Gregory Allen appeals his sentence for Class A felony dealing in cocaine. We affirm.

**Issue**

Allen raises one issue, which we restate as whether his sentence is inappropriate in light of the nature of the offense and the character of the offender.

**Facts**

On February 20, 2012, Allen sold cocaine to a confidential informant. On the same day, a detective conducted a traffic stop of a vehicle in which Allen was a passenger. Allen had 135.98 grams of cocaine in his jacket pocket. The State charged Allen with two counts of Class A felony dealing in cocaine and one count of Class C felony possession of cocaine. Allen pled guilty to one count of Class A felony dealing in cocaine. At the sentencing hearing, the trial court found Allen's criminal history to be an aggravating factor and found no mitigating factors. The trial court sentenced Allen to thirty-five years in the Department of Correction. Allen now appeals.

**Analysis**

Allen argues that his thirty-five-year sentence is inappropriate in light of the nature of the offense and the character of the offender. He requests that we revise his sentence to the advisory sentence of thirty years with a portion of the sentence suspended to probation. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the

2

offender. When considering whether a sentence is inappropriate, we need not be "extremely" deferential to a trial court's sentencing decision. Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). Still, we must give due consideration to that decision. Id. We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

The nature of the offense is that, only two weeks after he was released on parole for a conspiracy to commit dealing in cocaine conviction, Allen sold cocaine to a confidential informant. When he was stopped by police in a traffic stop, Allen had 135.98 grams of cocaine in his jacket pocket. We note that the offense of Class A felony dealing in cocaine requires the possession of only "three (3) grams or more," and Allen

had significantly more cocaine than three grams. Ind. Code § 35-48-4-1(b)(1). Allen argues that he pled guilty, but he did not do so until shortly before the trial and the evidence against him was overwhelming.

As for Allen's character, he has a significant criminal record, and the trial court appropriately described him as a "career criminal." Tr. p. 45. As a juvenile, Allen was adjudicated delinquent for committing acts that would be auto theft, burglary, and conversion if committed by an adult. As an adult, Allen has felony convictions for Class B felony robbery, three convictions for Class D felony possession of cocaine, Class D felony resisting law enforcement, and Class A felony conspiracy to commit dealing in cocaine. Allen also has multiple misdemeanor convictions, was found to be an habitual substance offender, violated his probation twice, and violated his parole with the instant offense. Allen is also $66,000 behind on child support payments for his four children.

We cannot agree with Allen's argument that his sentence should be reduced because his offense was between two willing participants, involved a confidential informant, and did not involve weapons or violence. Given Allen's substantial criminal history, the large amount of cocaine that he had in his possession, and his recent parole, we cannot say that the thirty-five-year sentence is inappropriate in light of the nature of the offense and the character of the offender.

### Conclusion

Allen's sentence is not inappropriate in light of the nature of the offense and the character of the offender. We affirm.

4

Affirmed.

CRONE, J., and PYLE, J., concur.